IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENDA JOYCE FRANKLIN,** | § | |
| Movant | § | |
| | § | |
| V. | § | A-07-CA–501 SS |
| | § | (A-05-CR-164 SS) |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court are Brenda Joyce Franklin's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 on(Clerk's Crim. Doc. No. 47), and the Government's Response filed on July 26, 2007 (Clerk's Crim. Docket No. 57).

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2005, Movant Brenda Joyce Franklin ("Movant") was charged in a one-count indictment in the Waco Division of the Western District of Texas with mailing a threat against a United States District Judge, in violation of 18 U.S.C. § 876(c). On July 20, 2005, Chief Judge Walter S. Smith recused himself from the case and transferred it to the Austin Division of the Western District of Texas, where it was reassigned to United States District Judge Lee Yeakel. On May 12, 2006, the District Court granted the Movant's request to have a competency hearing to

determine Movant's mental competency to stand trial. After reviewing the psychological report and conducting the competency hearing, the District Court determined that Movant was competent to stand trial and assist her attorney in her defense. On May 16, 2006, a Superseding Information was filed against Movant charging her with mailing a threat against a United States District Judge, in violation of 18 U.S.C. § 876(c) (Count One), and mailing a threat against the President of the United States, in violation of 18 U.S.C. § 871(a) (Count Two). On May 18, 2006, Movant entered a plea of guilty to both counts of the Superseding Information without the benefit of the plea agreement.

On July 19, 2006, the District Court sentenced Movant to a 60-month term of imprisonment (to run consecutively to Movant's state sentence), a three-year term of supervised release and ordered Movant to pay a $200 mandatory assessment fee. The District Court further recommended that the Bureau of Prisons designate Movant to serve her sentence a federal medical facility "where she may be afforded the appropriate mental health programs during the period of confinement." Judgment at p. 2. Movant did not file a direct appeal of her sentence.

On June 18, 2007, Movant filed the instant § 2255 Motion arguing that (1) the District Court was "negligent" in sentencing her to a term of imprisonment rather than assigning her to a mental health facility; and (2) the District Court violated her due process rights by ordering that her federal sentence should run consecutively to her state sentence.

After Movant sent a threatening letter to United States District Judge Lee Yeakel, he recused himself from the case and transferred it to the docket of United States District Judge Sam Sparks. *See* Order issued July 3, 2007 (Clerk's Docket No. 53).

## II. STANDARD OF REVIEW

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) Finally, a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary. *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

## III. DISCUSSION

**A.   Term of Imprisonment**

Movant first argues that the District Court was "negligent" in sentencing her to a 60-month term of imprisonment to be served consecutively to her state sentence, rather than sentencing her to a federal mental health facility. Movant claims that she is "mentally unstable" and that she should therefore be transferred from state custody (where she is serving out the remainder of her state

sentence) to an appropriate federal mental health facility. Motion at 6. This argument is without merit.

Before the District Court sentenced Movant in this case, it conducted a hearing pursuant to 18 U.S.C. § 4241 to determine the mental competency of Movant to stand trial. After reviewing the psychological report and conducting the mental competency hearing, the District Court concluded that Movant was competent to stand trial since she was able to understand the nature and consequences of the proceedings against her and to assist her attorney in her defense. *See* Minute Entry in Clerk's Docket No. 23. Movant's attorney also informed the undersigned during Movant's guilty plea proceeding that he believed that Movant had a rational, as well as factual, understanding of the proceedings against her, and was therefore competent to enter the plea of guilty. *See* Plea Script at 4-5. Movant also informed the Court that she was competent to enter her guilty plea. *Id.* at 5. Moreover, at her sentencing hearing, Movant informed the District Court that she was "not mentally incompetent now" and explained that she had only committed the offenses in an attempt to be transferred from state to federal custody. *Id.* at 7. Based upon these findings, the District Court properly found that Movant should be sentenced to a term of imprisonment under the advisory Sentencing Guidelines instead of committing Movant to the custody of the Attorney General as provided under 18 U.S.C. § 4241.

Any claim that Movant should have been sentenced to a provisional sentence under 18 U.S.C. § 4244 is also without merit. Section 4244 provides for provisional sentencing of a competent defendant who is "presently suffering from a mental disease or defect" and who "should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care and treatment." 18 U.S.C. § 4244(d). However, provisional sentences are not appropriate in every case involving

defendants who appear to be suffering from a mental defect. *United States v. Gigante*, 989 F. Supp. 436, 438 (E.D.N.Y. 1998). "Congress obviously envisioned the possibility that a defendant might be found to be suffering from mental defect or disease but that it would be unnecessary to commit that person for treatment in lieu of imprisonment." *United States v. Buker*, 902 F.2d 769, 770 (9th Cir. 1990). "For defendants who may suffer from some degree of mental illness but for whom traditional incarceration is appropriate, a court may recommend that the defendant be housed at a particular correctional facility, one that offers appropriate health services, without imposing a provisional sentence." *Gigante*, 989 F. Supp. at 438. Because the evidence in this case showed that Movant was not suffering from a serious mental illness requiring hospitalization, a provisional sentence under § 4244 was not appropriate in this case. Accordingly, the District Court properly sentenced Movant to a traditional term of imprisonment with a recommendation to the Bureau of Prisons that Movant be "designated at a federal medical facility where she may be afforded the appropriate mental health programs during the period of confinement." Judgment at 2. The District Court explained Movant's sentence as follows:

> [w]hen I consider the factors that Congress deems important statutory concerns in Title 18 of the United States Code, Section 3553, as I have done, as well as reviewing the presentence investigation report and the other matters in your file and has been alluded to having conducted a hearing with regard to your mental competence and having sent you for an evaluation which was taken up at the hearing, I find this to be an extremely serious offense that I must take into account. Writing threatening letters to the United States Judiciary and to the President of the United States and making threats against them are crimes that go to the heart and the root of the our democracy. Without respect for our institutions, we cannot have any respect for society or for democracy. And making threats for whatever reason, particularly threats merely, as you say, to change your status and to call attention to your condition, does not accurately, I think, describe the seriousness of this offense.
>
> I must render a sentence that not only is specifically tailored for you and your circumstances, but one which reflects the seriousness of the offense and which will

promote respect for the law, among not just yourself but others, and would provide deterrence to further criminal conduct, again, not just to you but to others.

Therefore, I do not believe that the sentence that your attorney argues for of 30 months is an appropriate sentence. I find, rather, after I have reviewed all of the factors in Section 3553, including the ones that I have pointed out to you, that a guideline sentence is an appropriately tailored sentence that takes into account all of these matters.

As I have previously indicated to you, if I were to not sentence you under the advisory guideline, I could, in fact, consider the entire statute, which I have done, and assess a sentence of ten years, which I do not think would be unduly long in this case.

If you have problems with the criminal justice system, the way to resolve those problems with the criminal justice system is not to threaten the judiciary and is not to threaten the President of the United States.

Sentencing Tr. at 10-12.

Based upon the foregoing, the Court finds that the District Court did not commit any error in sentencing Movant in this case. Accordingly, Movant's claim that the District Court was "negligent" in sentencing her to a term of imprisonment is without merit and must be denied.

  **B.   Consecutive Sentences**

Movant argues that the District Court violated her due process rights under the Fifth Amendment by ordering that her federal sentence run consecutively to her state sentence. The Constitution does not afford a defendant the right to have her state and federal sentences run concurrently. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). "Sentences for different offenses can be ordered to run consecutively, even if they are imposed upon a single trial." *Id.* Federal law clearly grants to the sentencing judge discretion on the issue of whether to impose consecutive or concurrent sentences when a defendant has been convicted of multiple offenses, or is serving one sentence at the time a second sentence is imposed. The relevant principles are set out

in both Title 18 and in the applicable sentencing guideline. *See* 18 U.S.C. § 3584(a)[1] and U.S.S.G. § 5G1.3(a).[2]

The factual basis in this case shows that Movant committed the offenses in the instant case while she was serving a state prison sentence. *See* Factual Basis at 1. Accordingly, the District Court applied 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3(a) and ordered that Movant's federal sentence "shall run consecutively" to her state sentences. *See* Judgment and Commitment at 2. The District Court clearly had discretion under the applicable advisory guideline and by statute to impose consecutive sentences in this case. *See United States v. Candia*, 454 F.3d 468, 474-75 (5th Cir. 2006) (holding that district court had discretion to order defendant's federal sentence to be run consecutively to his undischarged state sentence). Because Movant has failed to show a violation of the United States Constitution or federal law with regard to this or any other claim, her § 2255 Motion must be denied.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant Brenda Joyce Franklin's Motion to Vacate her Sentence pursuant to 28 U.S.C. § 2255 (Clerk's Crim. Doc. No. 47).

---

[1] Section 3584(a) provides:

> If . . . a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . .

[2] Section 5G1.3(a) provides:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of October, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE